ACCEPTED
12-14-00229-cr
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/15/2015 10:29:20 PM
CATHY LUSK
CLERK

**IN THE COURT OF APPEALS**

**TWELFTH DISTRICT OF TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/15/2015 10:29:20 PM
CATHY S. LUSK
Clerk

**TYLER, TEXAS**

| | | |
|---|---|---|
| **BLAKE CARRINGTON GEE,** | § | |
| **APPELLANT** | § | |
| | § | |
| **VS.** | § | **APPEAL NO. 12-14-00229-CR** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **APPELLEE** | § | |

## MOTION FOR LEAVE TO FILE LATE BRIEF

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Comes now Movant L. CHARLES VAN CLEEF, counsel for BLAKE CARRINGTON GEE, Appellant herein, and files this, his Motion for Leave to File Late Brief. In support thereof, movant respectfully shows the Court the following:

Yesterday, Wednesday, January 14, 2015, this Honorable Court issued a Notice that Appellant's Brief had not been timely filed, and a separate notice that Appellant's Brief was being returned.

The undersigned timely file an Anders Brief, on December 16, 2014, in accordance with the Court's December 3, 2014, Order extending the deadline; Appellant was also notified of his right to file a *pro se* Brief. On October 23, 2014, after weeks of no success obtaining the "plea papers" from the District Clerk for

1

their inclusion in the Clerk's Record as a supplement, the undersigned filed a "Motion to Direct District Clerk to Supplement Clerk's Record" with this Court, referring specifically to the plea papers that had been filed but were inexplicably not made part of the original Clerk's Record; that motion was interpreted by this Honorable Court to be a motion to supplement the Reporter's Record and was denied as untimely, but it was also interpreted to be a Motion for Extension of Time to file Brief, and the deadline for a Brief was moved to December 1, 2014.

The undersigned continued his efforts to obtain supplementation of the Clerk's Record by the District Clerk and on December 1, 2014—the deadline for Appellant's Brief—the District Clerk filed a Supplemental Record—this time with the requested plea papers. That same day, the undersigned immediately filed a request for an additional 15 days to file Appellant's Brief, which was granted. The new deadline was December 16, 2014.

As noted above, on the due date, December 16, 2014, the undersigned filed the Anders Brief. Also, on December 16, 2014, this Court entered an Order directing the undersigned to file a separate motion to withdraw on or before January 15, 2015. Today is January 15, 2015 and said motion has been filed, as amended.

Yesterday, January 14, 2015, the Court entered a "second notice" to file a Brief, noting that no Brief had been filed for 69 days. The undersigned is extremely confused by this since the Brief was, in fact, timely filed on December 16, 2014, in accordance with the Court's Order, on time, after the substantial delay by the District

2

Clerk's Office; there was no notice that the <u>Anders</u> Brief required further action by the undersigned until January 14, 2015. The Court correctly noted that the Brief lacked the Certificate of Compliance; that was immediately remedied, yesterday, as directed by the Court. The undersigned's practice is, as yesterday and today, to comply with Court's orders <u>immediately</u>—on the same date if possible. Today's order directs the undersigned to seek leave to file the Brief late.

The undersigned practices before this Court and every Court in an humble and respectful manner, and is truly confused by the Court's observations that the undersigned has not filed a brief, or failed to do so after 69 days. The undersigned has done his best to comply with the Court's deadlines and believes he has done so even after the District Clerk failed or refused to properly prepare the Clerk's Record and supplement it with requested contents that are required by the Texas Rules of Appellate Procedure. As an officer of the Court and Appellant's counsel, the undersigned could not fulfill his duty to scour the record when the record lacked mandatory contents and was incomplete.

In sum, the undersigned respectfully notes that he has done his best to comply with the Court's orders, that he takes those orders literally, that he has not failed to timely file a Brief, and that he has not ignored any order of this Court. However, on final assembly of the Brief for electronic filing, the Certificate of Compliance was inexplicably omitted. That error has been rectified, yesterday.

In light of the foregoing, the undersigned respectfully and humbly requests that the Court allow the late filing of the Amended <u>Anders</u> Brief (amended to include a Certificate of Compliance), which was submitted yesterday, January 14, 2015.

Respectfully submitted,

/s/ L. Charles van Cleef

_____

L. Charles van Cleef
State Bar No. 00786305

P.O. Box 2432
Longview, Texas 75606-2432
(903) 248-8244 Telephone
(903) 248-8249 Facsimile

COUNSEL FOR APPELLANT

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded by electronic filing to counsel for Appellee in accordance with TEX. R. APP. P. 9.5(b)(1) on this Thursday, January 15, 2015.

Further, a true and correct copy of the foregoing instrument has been forwarded by Certified Mail, Return Receipt Requested and by First Class Mail, to:

BLAKE CARRINGTON GEE, TDCJ NO 01948254
Joe F. Gurney Transfer Facility
1385 FM 3328
Tennessee Colony, TX 75803

on the same date.

/s/ L. Charles van Cleef

_____
L. Charles van Cleef